UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH MALDONADO,<br><br>Plaintiff,<br><br>v.<br><br>BLACK PINES ANIMAL SANCTUARY<br><br>Defendant | CAUSE NO.: 1:25-cv-239-HAB |

**OPINION AND ORDER**

This matter is before the Court upon the filing of Plaintiff Joseph Maldonado's Complaint under the Endangered Species Act and Emergency Petition for Injunctive Relief. (Compl. ECF No. 1). As set forth in the Complaint, the Plaintiff brings this action under the citizen suit provision of the Endangered Species Act ("ESA"), 15 U.S.C. §1540(g), seeking to preliminarily and permanently enjoin Defendant Black Pines Animal Sanctuary ("the Sanctuary") from violating the ESA by neutering Elvis, a white Bengal Tiger in its care. The Complaint requests emergency relief in the form of a temporary restraining order as well as an expedited hearing for preliminary injunctive relief. As far as the Court can glean, the Sanctuary has not yet been served with the Complaint.

Federal Rule of Civil Procedure 65(b) authorizes courts, in limited circumstances, to issue a temporary restraining order without notice to adverse parties or their attorneys. Fed. R. Civ. P. 65(b)(1). That is, a party seeking a temporary restraining order under Rule 65(b) must satisfy two procedural requirements in addition to showing that the four preliminary injunction factors favor relief. *Id.*; *see Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). First, the movant must point to "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and

irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Second, the "movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* These "stringent restrictions" on *ex parte* temporary restraining orders "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974).

Here, the Plaintiff has not complied with Rule 65's requirement that a request for a temporary restraining order be accompanied by a verified complaint or an affidavit setting forth specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard." The Complaint here is not verified nor is it accompanied by an affidavit from anyone attesting to the veracity of the allegations contained therein.

Moreover, to the extent that the Complaint seeks preliminary injunctive relief, it violates this Court's local rules. By this Court's local rules, "[t]he court will consider requests for temporary restraining orders only if the moving party: (1) files a separate motion for relief; (2) files a supporting brief; and (3) complies with Fed. R. Civ. P. 65(b). N.D. Ind. L. R. 65-1(b). Likewise, in the case of preliminary injunctions, this Court's rules require a separate motion for relief. The filings in this case do not comply with these foundational rules.

Aside from the absence of the above procedural requirements, this Court is unclear that a suit may even be brought by Plaintiff under the citizen suit provision of the ESA without first providing 60-days notice of the intent to file a lawsuit. See 16 U.S.C. §1540(g)(2) (No action may be commenced under subparagraph (1)(A) of this section--**(i)** prior to sixty days after written notice

of the violation has been given to the Secretary, and to any alleged violator of any such provision or regulation). Similarly, there is no proffer of authority or verified factual assertions to support the generalized allegations in the Complaint that Elvis is covered by the ESA.

For all these reasons then, the request for emergency relief in the form of a temporary restraining order is DENIED. To the extent the Plaintiff seeks preliminary injunctive relief, he must comply with the Federal Rules of Civil Procedure and this Court's local rules before the Court will consider such request.

SO ORDERED on May 16, 2025

>s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

.