UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JOSEPH MALDONADO,

        Plaintiff,

v.                                              CAUSE NO.: 1:25-cv-239-HAB

BLACK PINES ANIMAL SANCTUARY

        Defendant

## PLAINTIFF MALDONADO'S EMERGENCY MOTION FOR INTERIM PRESERVATION ORDER AND PRELIMINARY INJUNCTION WITH SHORTENED NOTICE PURSUANT TO FED. R. CIV. P. 27(A) AND N.D. Ind. L.R. 65-1

COMES NOW the plaintiff, Joseph Maldonado ("Maldonado") with this emergency motion to for an interim preservation order and preliminary injunction with shortened notice pursuant to FRCP 27(A) and N.D. Ind. L. R. 65-1.

Maldonado respectfully requests that this Court (a) immediately enter an interim order preserving the status quo regarding Black Pine Wildlife Sanctuary's ("Black Pine"'s) tigers, and (b) immediately enter an interim order that Black Pine be precluded from castrating, neutering, harming, trading, selling, moving or otherwise harming any of the tigers in Black Pine's custody.

## BACKGROUND

1. This case relates to a lawsuit that Maldonado expects to bring—following the 60-day notice period found in the Endangered Species Act (ESA), against Respondent for its ongoing, threatened, and repeated violations of Section 9 of the Endangered Species Act of 1973, 16 U.S.C. §§ 1531-1544, and the Act's implementing regulations. See Petition/Complaint, Docket No. 2.

2. Maldonado has grave concerns because the ESA requires a full 60 days' notice of intent to file a citizen suit, while the need is plainly urgent to immediately enjoin **Black Pine** from neutering Elvis (or other tigers). (A local news outlet reports that **Black Pine** did not neuter Elvis this past weekend, 'so as to save donor funds,' but seems to suggest that **Black Pine** might neuter Elvis *at any moment* in the future.)

3. Maldonado cites Federal Rule of Civil Procedure 27 (FRCP 27) which allows a person who expects to be a party to a future lawsuit, but who is not currently involved in one, to petition the court to take and preserve testimony or other evidence. The rule focuses on depositions and outlines the process for perpetuating testimony before a lawsuit is filed. Maldonado submits that preservation of testimony or other evidence can encompass Maldonado's pre-60-day demand that **Black Pine** not castrate Maldonado's beloved tiger(s). As further support, the Southern District of Indiana's

"Interim Order Preserving Evidence Related to and Including the Big Cats,"
in the case of *PETA v. Wildlife in Need*, Case No. 4:17-MC-00003-RLY-
DML, Consent Order Preserving Evidence, 09/07/2017.

**Request for Compliance Inspection within 30 days.**

4.    In this motion, Maldonado requests that this Court enter an order
preserving certain evidence related to (and including) the tigers in the
possession and control of Respondents. See Petition, Docket No. 2.
Maldonado also requests that his team of inspectors be allowed to inspect
the **Black Pine Sanctuary** within the next 30 days to ensure compliance
with this Court's protective order.

5.    As stated and attested in the accompanying declaration of Maldonado's
counsel of record Roger Roots, esq., **Black Pine** has publicly acknowledged
Maldonado's claims. However, **Black Pine** has refused to communicate
with Maldonado's counsel and does not confirm whether **Black Pine**
would agree to preserve evidence or to hold off on neutering Elvis or
other big cats on an interim basis. See Roots Declaration.

6.    In fact, after the complaint was filed on May 16, **Black Pine** has publicized
social media responses which (1) denigrate Elvis, the white Bengal tiger as a
cross-eyed, inbred mutant of no genetic value, and (2) denied that white
Bengal tigers are protected by the ESA (despite the fact that **Black Pine**
obtained Elvis through an ESA enforcement action). Note that although

**Black Pine** denigrates Elvis as worthless, inbred and cross-eyed, **Black Pine** nonetheless features the cat prominently in **Black Pine**'s branding and advertising messaging. **Black Pine** also uses the notoriety of Elvis' origin at Maldonado's former zoo in its fund-raising and advertising communications.

7.   These insulting posts by **Black Pine**'s officers and staff provide further evidence of the urgency and need for a preliminary injunction preventing neutering or further harm to Elvis.

### Four Additional Tigers.

8.   Maldonado has also learned that **Black Pine** possesses at least three additional tigers formerly owned by Maldonado's Greater Wynnewood Exotic Animal Park, as well as an additional tiger. <u>All of these tigers are in grave danger of irreparable injury and harm</u> by **Black Pine**. Further these insults illustrate that **Black Pine** is failing to properly train, instruct and inform its staff regarding the animals in their care that are subject to the Endangered Species Act.

9.   To say the least, this conduct cries out for an emergency preliminary injunction.

10.   Maldonado has substantial concerns that Respondent will destroy relevant and necessary evidence and cause irreparable harm if this Court does not require Respondent to comply with their preservation obligations.

### RELIEF REQUESTED

11. The Court Should Immediately Enter an Interim Preservation Order commanding that **Black Pine** not spay, neuter or castrate any of the big cats in **Black Pine**'s possession until commencement of Maldonado's ESA citizen suit in 60 days.

12. The Court should order that **Black Pine** allow an inspection by Maldonado's team of investigators so that **Black Pine**'s compliance can be ensured.

13. The Court should order that **Black Pine** otherwise preserve the status quo regarding the health and status of the tigers in question until completion of this litigation.

## Legal Standard.

### Authority Under the Endangered Species Act.

14. This honorable Court states in its recent May 16 order that "[t]his Court is unclear that a suit may even be brought by Plaintiff under the citizen suit provision of the ESA without first providing 60-days notice of the intent to file a lawsuit. See 16 U.S.C. §1540(g)(2)," and that "Similarly, there is no proffer of authority or verified factual assertions to support the generalized allegations in the Complaint that Elvis is covered by the ESA." Doc. #3 at p. 2-3.

15. As indicated above, Federal Rule of Civil Procedure 27 (FRCP 27) provides authority for pre-notice period orders to preserve evidence, records and the status quo.

16. As far as a proffer of authority that Elvis is covered by the ESA, Maldonado cites 50 CFR Part 17 (final rule enacted April 6, 2016), stating that captive-bred hybrid and "generic" tigers fall under the ESA.

17. A "court has broad discretion when determining whether to order a party to preserve evidence." *Haraburda v. Arcelor Mittal USA, Inc*., 2011 U.S. Dist. LEXIS 70937, *5 (N.D. Ind. June 28, 2011). In exercising this authority, courts consider three factors: "1) whether Plaintiffs can demonstrate that Defendants will destroy necessary documentation without a preservation order; 2) whether Plaintiffs will suffer irreparable harm if a preservation order is not entered; and 3) the burden imposed upon the parties by granting a preservation order." Id. at 6.

18. Given Respondents' open and hostile refusal to simply preserve relevant evidence, this Court should exercise its discretion and immediately enter an order directing Respondents to preserve all evidence, which they otherwise have a duty to preserve based on the existence of imminent litigation. *See e.g., Trask-Morton v. Motel 6 Operating*

*L.P.*, 534 F.3d 672, 681 (7th Cir. 2008); *Malibu Media, LLC v. Harrison*, 2014 U.S. Dist. LEXIS 176972, *8-12 (S.D.Ind. Dec. 24, 2014); *Banks v. Enova Fin*., 2012 U.S. Dist. LEXIS 173649, *10-13 (N.D. Ill. July 10, 2012).

19.     As Maldonado has set forth in detail in the Petition/Complaint, a preservation order is additionally warranted because there is a risk that Respondents will destroy the relevant evidence and neuter the cats during the sixty (60) day notice period before Maldonado can file suit against the Respondents, resulting in irreparable harm to Maldonado's ability to establish his claims in the underlying lawsuit.

20.     Finally, an order from this Court requiring Respondents to preserve evidence will impose no burden on Respondents.

21.     The Court Should Waive Notice Requirement Under FED. R. CIV. P. 27(a)(2) and Expedite the Hearing and judgment on the Rule 27 Petition.

22.     The Court should also waive the twenty-one (21) day notice requirement under FED. R. CIV. P. 27(a)(2) and set the Petition for immediate hearing by telephone or zoom.

23.     The text of FED. R. CIV. P. 27(a)(2) provides that "[a]t least 21 days before the hearing date, the petitioner must serve each expected

adverse party with a copy of the petition and a notice stating the time and place of the hearing."

24.    This period may be shortened where, as here, exigent circumstances exist.  *See e.g., In re Chao*, 2008 WL 4471802, *6 (N.D. Iowa Oct. 2, 2008)(court granted a Rule 27(a) petition on an expedited basis based on exigent circumstances when the relevant witness were going to be unavailable); *In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. 349, 353 (D. Minn. 2007)("Given the exigent circumstances, this Court would be sympathetic to a request to modify [the notice] requirement."); *Application of Deiulemar Di Navigazione S.p.A.*, 153 F.R.D. 592, 593 (E.D. La. 1994)(The court saw "no reason why the twenty day period set forth in Rule 27(a)(2) is sacrosanct and cannot be modified as are many other deadlines routinely modified by the court depending on the circumstances of a particular case," and granted a Rule 27 petition in advance of the notice period where the evidence would no longer be available after the notice period.)

25.    As stated above, Maldonado has already provided the Respondent with notice of the Petition.

26. Also, as described above and as set forth in detail in the Petition, there is a significant risk that the evidence that is the subject of the Petition will be lost during the twenty-one (21) day notice period.

27. Accordingly, given the steadfast refusal of the Black Pine to preserve such evidence, the recent acts of Black Pine to conceal such evidence, the twenty-one day notice period contained in FED. R. CIV. P. 27(a)(2) should be waived and a hearing on the Petition should be held as soon as possible.

28. Once an interim order is entered preserving the evidence in this case, the remaining issues to be decided with respect to the Petition are the entry of a permanent preservation order, to include an inspection of **Black Pine**'s premises.

29.     WHEREFORE, Petitioner/Plaintiff Joseph Maldonado respectfully

requests that the Court (a) enter an interim protective order as described,

preserving the status quo and prohibiting **Black Pine** from further harming or

neutering the big cats.

DATE: May 20, 2025                    RESPECTFULLY SUBMITTED,

                                      /s/ Roger Roots
                                      Roots Justice
                                      10 Dorrance Street
                                      Suite 700
                                      Providence, Rhode Island 02903
                                      (662) 665-1061