UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH MALDONADO,<br><br>    Plaintiff,<br><br>    v.<br><br>PROFESSIONAL ANIMAL RETIREMENT<br>CENTER (PARC) a/k/a<br>BLACK PINES ANIMAL SANCTUARY<br><br>    Defendant | CAUSE NO.: 1:25-cv-239-HAB |

**OPINION AND ORDER**

This matter is before the Court upon the filing of Plaintiff Joseph Maldonado's First Amended Complaint under the Endangered Species Act and Emergency Petition for Injunctive Relief with Jury Demand. (First Am. Compl., ECF No. 7). As set forth in that Complaint, the Plaintiff brings this action under the citizen suit provision of the Endangered Species Act ("ESA"), 15 U.S.C. §1540(g), seeking declaratory and injunctive relief that enjoins Defendant Professional Animal Retirement Center (PARC) a/k/a Black Pines Animal Sanctuary ("Sanctuary") from violating the ESA with respect to multiple tigers in its care. The amended complaint, like its original ilk, focuses on the neutering of Elvis, a white Bengal Tiger in the Sanctuary's care. The amended complaint generally alleges that the Sanctuary has "engaged in a pattern of other ESA violations, including a practice of spaying and neutering other endangered species." (Am. Complaint p. 4). Along with the First Amended Complaint, Maldonado filed an Emergency Motion for Preliminary Injunction and for an Interim Preservation Order pursuant to Federal Rules of Civil Procedure 27(A) and Rule 65. For the reasons below, the First Amended Complaint is DISMISSED for lack of jurisdiction.

## DISCUSSION

The filings in this case present a number of procedural hurdles. First, the amended complaint questionably comports with Fed. R. Civ. P. 8(a)(2) which requires a "short and plain statement" to show that a pleader is entitled to relief. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). Plaintiff's complaint is best described as a 19-page legal brief relating to preliminary injunctive relief, not a true complaint in any traditional sense of the word. Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Rule 8(a) "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Although ill-advised, complaints may be "windy" and "repetitious," and may contain "a disposable husk" of "fat" or "surplusage." *Id.* at 378.That is the case with the amended complaint here. In the middle of "a disposable husk" of fat, Plaintiff's amended complaint broadly asserts that the Sanctuary has or may commit violations of the ESA by spaying or neutering tigers in its care protected by the ESA, including Elvis. It references that the ESA makes it unlawful for "any person" to "take" a listed species. 16 U.S.C. § 1538(a)(1)(B). The term "take" is defined in the ESA as "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." 16 U.S.C. § 1532(19).

Thus, from what the Court gathers, Plaintiff is asserting that the actions of the Sanctuary have or will violate the "take" provisions of the ESA.

In cases where prolixity weighs down a complaint, the court "should bypass the dross and get on with the case" if there is, at least, a "core of proper pleading." *U.S. ex rel. Garst*, 328 F.3d at 378 (internal citation and quotations omitted); *see Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Prolixity is a bane of the legal profession but a poor ground for rejecting potentially meritorious claims. Fat in a complaint can be ignored, confusion or ambiguity dealt with by means other than dismissal."). Given that the "primary purpose" of the pleading rules is to "give defendants fair notice of the claims against them and the grounds supporting the claims," *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted), the Court concludes that this amended complaint contains at least a "core of proper pleading" and puts Defendant on notice of the cause of action asserted against it.

But there are larger problems looming. The ESA provides that "[n]o action may be commenced ... prior to sixty days after written notice of the violation has been given to the Secretary, and to any alleged violator of any such provision or regulation." 16 U.S.C. § 1540(g)(2)(A)(i). "A plaintiff who seeks to pursue a citizen suit must comply with a 60–day notice requirement that puts the agencies on notice of a perceived violation of the statute and an intent to sue." *All. for the Wild Rockies v. U.S. Dep't of Agric.*, 772 F.3d 592, 601 (9th Cir. 2014). The notice requirement gives agencies the opportunity to review their actions and take any corrective measures before engaging in an adversarial process. *Id.* The 60-day notice requirement is a "mandatory condition precedent" to filing a lawsuit under the ESA. *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989). Failure to strictly comply with the notice requirement acts as an absolute

3

jurisdictional bar to suing under the ESA. *Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998).

Here, Maldonado provided the 60-day notice via email and certified mail to the Sanctuary, the Secretary of the Interior and the Director, U.S. Fish & Wildlife Service on May 13, 2025. He then instituted the present suit on May 16, 2025, without waiting for the expiration of the 60-day notice period. As a result, he is jurisdictionally barred from asserting this action.

Additionally, it is questionable whether Maldonado maintains Article III standing. Article III of the U.S. Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.' For a case or controversy to exist, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Requiring a "personal stake" ensures "that the named plaintiff was actually injured and is entitled to an adjudication of the claim asserted, not merely abstractly distressed by unfounded fears or a wrong suffered by the public at large." *Waste Action Project v. Draper Valley Holdings LLC*, 49 F. Supp. 3d 799, 802 (W.D. Wash. 2014) (citing *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154, 156 (4th Cir. 2000)). Plaintiff has the burden of establishing that an actual case or controversy exists, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013), and must make the required showing "with the manner and degree of evidence required at the successive stages of the litigation," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

To pursue his citizens' suit under the Endangered Species Act ("ESA"), Maldonado must show he has suffered an injury-in-fact, meaning an injury that is "concrete and particularized" and "actual and imminent," the alleged injury is "fairly traceable" to the defendant's conduct, and it is 'more than speculative' that the injury is judicially redressable." *Lujan*, 504 U.S. at 560–61.

Maldonado, the self-proclaimed "Tiger King" also known by the sobriquet "Joe Exotic," is the former owner and operator of the Greater Wynnewood Exotic Animal Park in Oklahoma. He is presently incarcerated at the FMC Fort Worth, Texas with an anticipated release date of March 18, 2036. https://www.bop.gov/inmateloc/ (last accessed May 22, 2025).[1] Maldonado's amended complaint alleges that he has standing by way of a special relationship he fostered with Elvis and several other tigers that he raised and cared for at the animal park from 2016 until 2019. He asserts that he plans to revisit Elvis again once he is free to travel. He also intends to monitor Elvis' health and status, via representative, proxies or agents. Maldonado further asserts that neutering Elvis will cause his rare genetics to "be lost to nature." (First Am. Compl. at p. 5).

The Court reads these assertions as Maldonado claiming an interest in continued enjoyment of the white tiger species that he and others will be deprived of if Elvis is, in fact, neutered. When it comes to standing, allegations of an aesthetic or recreational interest in viewing or enjoying a species may suffice so long as the party describes "concrete plans" for future enjoyment, such that harm to the species causes "actual or imminent" injury. *Lujan*, 504 U.S. at 564. Ultimately, the alleged injury "must affect the plaintiff in a personal and individual way." *Id.* at 560 n.1. The ESA's citizen suit provision does not give standing to those "who claim ... only a generalized interest shared by all citizens in the proper administration of the law." *Zivotofsky ex rel. Ari Z. v. Sec'y of State*, 444 F.3d 614, 618 (D.C. Cir. 2006). Further, a "conjectural or hypothetical" injury is not sufficiently "actual or imminent" to support standing. *See Lujan*, 504 U.S. at 560.

Given Maldonado's incarceration for the next decade, the Court maintains serious concerns that he could, by virtue of the allegations in the amended complaint, establish all the elements of

---

[1] Maldonado's case is on appeal to the 10th Circuit Court of Appeals. However, as it currently stands Maldonado is not set to be released from federal custody until March, 2036.

5

Article III standing. However, because the Court concludes that it otherwise lacks subject matter jurisdiction until the 60-day notice period expires, the Court need not reach this decision today.

Finally, the Court addresses the present request for relief under Fed. R. Civ. P. 27(a). Rule 27 provides a procedural mechanism by which a person my preserve witness testimony, documents, or other evidence for future proceedings in a federal district court. The rule does not apply in actions currently pending with the federal district court. Because the rule does not apply in currently pending actions, the Plaintiff's filing of the Rule 27(a) request where he had a complaint pending was erroneous. After dismissal of this case, if Plaintiff desires to seek relief under Rule 27(a), he needs to file a new action captioned as a Verified Action to Preserve Testimony/Evidence that complies with all the requirements of Fed. R. Civ. P. 27(a).

## **CONCLUSION**

For the reasons above, the First Amended Complaint is DISMISSED without prejudice to refiling once the 60-day notice period under the ESA expires.

SO ORDERED on May 22, 2025

                                                s/ *Holly A. Brady*
                                                CHIEF JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT

.